UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N° 04-CV-3298 (JFB) (SMG)
_____

T YNIERA H OGAN AND S HANAIR H OGAN,

Plaintiffs,

VERSUS

T HE C ITY OF N EW Y ORK, P OLICE O FFICER H IGGINS, AND P OLICE O FFICER N IKSA,

Defendants.

_____

MEMORANDUM AND ORDER
January 18, 2008
_____

JOSEPH F. BIANCO, District Judge:

Plaintiffs Tyniera ("Tyniera") and Shanair ("Shanair") Hogan (collectively, "plaintiffs") commenced this action alleging claims pursuant to 28 U.S.C. § 1983 against Police Officers William Higgins ("Higgens") and Thaddeus Niksa ("Niksa") (collectively, "defendants") and the City of New York ("City").[1] Before this Court is a motion by defendants seeking to have the Court (1) make a pre-trial determination that they are entitled to indemnification by the City of New York, or, in the alternative, (2) have the jury determine if the officers were acting under the color of law and within the scope of their employment. The City opposes this motion, arguing that the Court should not determine a third-party cross-claim for indemnification prior to a decision by the Corporation Counsel on that issue after a review of the trial record and that such post-trial review should be by the Court, not a jury.

As set forth below, the Court concludes

---

[1] By Stipulation of Discontinuance dated May 23, 2006, plaintiffs discontinued their claims against the City of New York. However, defendants Higgins and Niksa continue their cross-claims against the City of New York, asserting a violation of their statutory right to a defense and indemnification under N.Y. State Gen. Mun. Law § 50-k. Accordingly, the City of New York remains a party to this matter.

1

that, pursuant to substantive New York law, defendants' application to the Court for a ruling on indemnification prior to a decision by the Corporation Counsel is premature and the Corporation Counsel should not be required to make such a determination until he has had a reasonable opportunity to review the trial record. Moreover, the Court, not the jury, will review any challenges to the indemnification decision by the City. Therefore, the Court will retain jurisdiction to hear defendants' cross-claim, but will do so only after the City has had an opportunity to review the trial record (or a settlement agreement) and make its determination.

I. BACKGROUND

A. Facts

The instant case arises from an arrest of the plaintiffs in the vicinity of Guy Brewer Blvd. and Foch Blvd. in Queens, New York, on July 12, 2003, and the prosecution that followed such arrest. The evidence in the record is outlined in detail in the Court's Memorandum and Order, dated March 12, 2007, which denied the cross-motions for summary judgment. Thus, the Court presumes the parties' familiarity with the underlying facts of this case, as set forth in this Court's previous decision, and such facts are not repeated here.

B. Procedural History

On March 4, 2004, plaintiffs had a joint bench trial before the Honorable Joseph Zaya.[2] Judge Zayas found Shanair and Tyniera not guilty of disorderly conduct charges.

Plaintiffs then filed complaints against defendants with the N.Y.P.D. Internal Affairs Division and the Civilian Complaint Review Board ("CCRB"). The original complaints by the plaintiffs alleged abuse of authority and the use of excessive force. The excessive force allegations were found to be unsubstantiated, but CCRB did substantiate the abuse of authority allegations with respect to the initial stop of the plaintiffs by the defendants. The charges against defendants were dismissed after plaintiffs failed to appear on the trial dates set before the Departmental Trial Commissioner.

Plaintiffs commenced the instant action on August 1, 2004, against the City of New York and Police Officers Higgins and Niksa, alleging unlawful search and seizure, malicious prosecution, false arrest and false imprisonment, excessive force, and violations of their First Amendment right to freedom of speech. On December 21, 2004, defendants Higgins and Niksa filed their answer and a cross-claim for indemnity against the City of New York. Defendant Niksa also filed counter-claims against Shanair for assault and battery and for negligence.

On September 26, 2006, defendants moved for summary judgment on all of plaintiffs' claims, plaintiffs cross-moved as to defendants' liability, and Shanair moved to dismiss the counter-claim. By

---

[2] Prior to the commencement of the trial, the Assistant District Attorney assigned to prosecute the case dismissed the obstruction of governmental administration charge against Shanair, as well as the resisting arrest charge against both plaintiffs.

Memorandum and Order dated March 12, 2007, the Court denied all motions. Defendants now move for a pre-trial determination of their cross-claim against the City of New York on the issue of indemnification.

II. DISCUSSION

The issues presented before the Court are: (1) whether the Court should make a pre-trial determination regarding the third-party cross-claim for indemnification prior to a decision by the Corporation Counsel on that issue; and (2) whether, in connection with the indemnification issue, the jury should decide whether the officers were acting under the color of law and within the scope of their employment.

A. The *Banks* Decision

In *Banks v. Yokemick*, 144 F. Supp. 2d 272, 287 (S.D.N.Y. 2001), the Honorable Victor Marrero addressed the precise issues raised by defendants in the instant motion in a well-reasoned and thorough opinion. Specifically, after a comprehensive analysis of the statutory language regarding the right of indemnification pursuant to G.M.L. § 50-k(3) and a review of New York case law, Judge Marrero held that any pre-trial review of the indemnification issue, prior to the Corporation Counsel's determination after a review of the trial record, was premature. *Id.* at 281-88. The court also found the appropriate state law method to contest an alleged wrongful denial of indemnification to a City employee is an Article 78 proceeding, where there is no right to a jury trial and where the Corporation Counsel is held to an arbitrary and capricious standard of review. *Id.* at 282-86 (citing *Williams v. City of New York*, 64 N.Y.2d 800, 802 (N.Y. 1985) and *Jocks v. Tavernier*, 97 F. Supp. 2d 303, 312 (E.D.N.Y. 2000), *rev'd on other grounds,* 316 F.3d 128 (2d Cir. 2003)). However, the Court ruled that it would exercise supplemental jurisdiction over the cross-claim for indemnification, rather than requiring the defendants to challenge any adverse indemnification decision in a separate Article 78 proceeding in state court following the federal trial. *Banks*, 144 F. Supp. 2d at 285-86. Thus, the court concluded:

> [R]ather than submitting the merits of the indemnification determination to the jury . . . this Court will consider the claim as a matter of law after the jury has returned its verdict on the plenary action, and after the City has had a reasonable opportunity, following its assessment of the evidence at trial, to decide whether or not it will indemnify. Moreover, because the Court will treat the indemnification action as akin to an Article 78 proceeding, following *Williams* as well as the approach adopted by the court in *Jocks*, the Court will apply the arbitrary and capricious standard of review to the Corporation Counsel's decision.

*Id.* at 287.

Although the *Banks* decision is not binding precedent, this Court, for the reasons summarized below, finds it to be persuasive authority on the issues raised by the defendant and will follow the same procedure in the instant case as outlined in *Banks*.

3

### B. Timing of Judicial Review of Indemnification Issue

Defendants argue that the Court should decide the issue of indemnification at a pre-trial hearing. Specifically, defendants contend that such a pre-trial determination is necessary because, among other things, the jury needs to be properly instructed on the indemnification issue in connection with damages. As set forth below, the Court disagrees, and finds that judicial review of the indemnification issue prior to the Corporation Counsel making his determination is inconsistent with the plain language of the New York statutory framework involving indemnification, as well as the applicable New York case law.[3]

Two provisions of New York General Municipal Law (G.P.L.) § 50-k that are relied on by the *Banks* court are also directly relevant to this Court's analysis. Section 50-k(3) provides:

> The city shall indemnify and save harmless its employees *in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller*, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision *shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.*

G.M.L. § 50-k(3) (emphasis added). In addition, Section 50-k(5) provides:

> In the event that the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld *(a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission.*

G.P.L. § 50-k(5) (emphasis added).

---

[3] As a threshold matter, although the indemnification issue under G.M.L. § 50-k is decided under New York State law, the Court is well within its authority to exercise supplemental jurisdiction on the indemnification claim to enable the parties, at the appropriate time, to litigate the issues in the same forum as the underlying action. *See, e.g., Mercurio v. City of New York,* 758 F.2d 862, 865 (2d Cir. 1985) (affirming lower court's ruling on the cross-claim under Section 50-k against the City pursuant to court's supplemental jurisdiction); *Banks*, 144 F. Supp. 2d at 185 (exercising supplemental jurisdiction over indemnification claim fosters values of judicial economy, convenience and fairness); *Harris v. Rivera*, 921 F. Supp. 1058, 1061 (S.D.N.Y. 1995) (same); *Turk v. McCarthy,* 661 F. Supp. 1526, 1536-37 (E.D.N.Y. 1987) (same). Therefore, given that this Court has the underlying civil action that gives rise to the indemnification issue, the Court concludes that, at this juncture, it will retain supplemental jurisdiction over the cross-claim against the City for reasons of judicial economy, convenience, and fairness.

The plain language of 50-k(3) suggests that the Corporation Counsel should not have to make a decision regarding indemnification in the pre-trial phase. In particular, indemnification is premised either upon the existence of a judgment obtained in court against the employer or upon the settlement of a claim, and there is no suggestion that an indemnification decision must be made in advance of either of those triggering events. The absence of of any requirement that the Corporation Counsel make a pre-trial decision on the indemnification issue is further confirmed by the language in § 50-k(3) that conditions the right to indemnification on the intentional wrongdoing or recklessness on the part of the employee. It is certainly consistent with that statutory framework to allow the Corporation Counsel to learn of the extent of defendant's conduct during a trial so that an informed determination can be made as to whether to indemnify defendants under that standard. Finally, § 50-k(5) provides additional guidance on this issue because it authorizes the City to withhold both representation and indemnification during the pendency of an agency disciplinary proceeding.[4] Thus, this provision again suggests an intention to allow the City to make the indemnification decision only after a full record has been developed.

Not only does the plain language of the statutory framework for indemnification suggest that the City should not be required to make an indemnification determination until after a judgment is entered or a settlement reached in the underlying action, but New York case law interpreting the indemnification provisions also supports such a conclusion.

In looking to New York state law for guidance, as the *Banks* court did, this Court relies heavily on the *Williams* decision by the New York Court of Appeals. In *Williams,* the court affirmed the judgment of the lower court in an Article 78 proceeding in which the court denied the motion by petitioner, a New York City Correction Officer, which sought to have the City provide petitioner with legal counsel or pay his legal expenses. In reaching this decision, the State's highest court concluded:

> The issue of whether petitioner's acts were committed within the scope of his public employment and the discharge of his duties raises factual questions . . . . Whether he was so acting and thus was entitled to representation by the Corporation Counsel and indemnification by the

---

[4] Section 50-k(2) applies to the issue of representation, and provides that

> the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court . . . arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.

G.P.L. § 50-k(2).

city are to be determined in the first instance by the Corporation Counsel (*see,* General Municipal Law § 50-k[2]) and his determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious.

*Williams*, 64 N.Y.2d at 802. Thus, the *Williams* court ruled that the representation and indemnification determinations are to be made initially by the Corporation Counsel before that issue is reviewed in court. *Id.*

Defendants attempt to distinguish *Williams* by arguing that it only addressed the initial determination by the Corporation Counsel on the representation issue, not the question of indemnification. (Defs.' Reply Br., at 8.) However, the Court finds the attempt to distinguish the case on that basis to be unpersuasive. Although the case dealt with representation, the Court of Appeals made clear in the decision, quoted above, that its analysis was equally applicable to the indemnification issue. *See also Mercurio,* 758 F.2d at 865 (citing *Williams*); *Wong v. City of New York*, 571 N.Y.S.2d 262, 263 (N.Y. App. Div. 1991) (citing *Williams*). Thus, relying on *Williams*, this Court holds that the Corporation Counsel must be given the opportunity to make a determination regarding indemnification prior to court review. Given that no evidence has been presented to this Court of any determination by the Corporation Counsel on the indemnification issue, the Court finds defendants' attempt to have the Court decide this issue at this juncture to be premature.

Furthermore, defendants have not cited to, and this Court could not find, any New York court that has required the Corporation Counsel to make an indemnification determination prior to judgment being entered or a settlement reached in the underlying action. In fact, New York state courts have concluded just the opposite. *See, e.g., Bolusi v. City of New York*, 249 A.D.2d 134, 134 (N.Y. App. Div. 1998) ("We also agree with the IAS Court that so much of the petition as seeks indemnification is premature until a judgment is entered or settlement reached in the underlying action (General Municipal Law § 50-k [3]), and should be dismissed without prejudice."); *see also Young v. Koch,* 128 Misc.2d 119, 127-28 (N.Y. Sup. Ct. 1985) (holding indemnification issue premature until jury returned its verdict on underlying action).

Similarly, guided by the framework set out by New York State courts, federal courts have also recognized the City's right to review the trial record prior to making its indemnification determination. *See, e.g., Banks*, 144 F. Supp. 2d at 287 (reserving decision on indemnification until after the trial concluded and allowing time for Corporation Counsel to review records); *Jocks*, 97 F. Supp. 2d at 312 (reviewing indemnification issue after jury verdict); *see also Nevares v. Morrissey,* No. 95 Civ. 1135 (JGK), 1998 WL 265119, at *7 (S.D.N.Y. May 22, 1998) ("[T]he jury which decides the plaintiff's claims could not also decide the third-party plaintiffs' indemnification claims because the Corporation Counsel would not have had an opportunity to assess all the evidence regarding the Nevares incident necessary to render an indemnification decision within minutes of the jury's verdict").

Although defendants cite to *Harris*, that case does not support defendants' argument regarding a pretrial determination on the indemnification issue. Specifically, in *Harris,* Judge Scheindlin bifurcated the trial and ruled that the defendant's indemnification claim against the City would be submitted to the jury only if the jury decided in plaintiff's favor on liability. *See Harris*, 921 F. Supp. at 1062. In other words, the court did not decide the indemnification issue prior to trial, but rather was going to submit it to the jury. In fact, the court in *Harris* cited *Williams* and noted that "[t]he Corporation Counsel of the City of New York makes the initial determination as to whether the employee's conduct was covered by GML § 50-k." *Id*. at 1060. Thus, defendants' reliance on *Harris* to support a pretrial ruling on the indemnification issue is unavailing.

Defendants also argue that it is critical that the Court make a determination on the indemnification issue prior to trial because defendants "seek that the jury be made aware of the decision by the Corporation Counsel not to indemnify as any decision by the fact finder will have financial impact upon the defendants." (Defs.' Reply Br., at 8.) Specifically, citing *Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997), defendants argue that they will want the jury to be aware of the lack of an indemnification agreement (if that is the ultimate result) in order to argue that the jury should not award punitive damages against the defendants because, given the lack of an indemnification agreement and defendants' financial circumstances, an award of compensatory damages is sufficient punishment.

As a threshold matter, the Court notes that the *Mathie* case is inapposite to the defendants' situation. In *Mathie*, the Second Circuit held that the factfinder could consider the existence of an indemnity agreement in determining whether a defendant's limited financial resources justifies a reduction in the punitive damages:

> [W]e rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded. It would be entirely inappropriate for a defendant to raise the issue of his limited financial resources if there existed an indemnity agreement placing the burden of paying the award on someone else's shoulders.

121 F.3d at 816. Thus, *Mathie* addresses the situation where the existence of an indemnity agreement may be relevant to rebut a defendant officer's claim that he lacks financial resources for an award of punitive damages. However, it does not suggest that the defendant officer can inject the lack of an indemnification agreement into a trial to show the jury that an award of compensatory damages is sufficient to punish the defendant officer. In other words, the indemnification evidence is a shield to rebut claims of limited resources by officers, not a sword to be used by defendant officers to suggest that, given the absence of such an agreement, no punitive damages should be awarded. It is entirely unclear to the Court why it would be necessary for the defendant officers to make

7

the jury aware of the non-existence of indemnification. In short, the Court is entirely unpersuaded based upon its review of *Mathie* and other applicable case law that the defendant officers should be entitled to present any information regarding indemnification to the jury on the issue of damages.[5]

In sum, based upon the plain language of the New York statute and New York cases interpreting that statute, the Court concludes that, because the Corporation Counsel has not yet made a determination about whether defendants should be indemnified by the City, defendants' attempt to have this Court review that issue prior to the trial is premature. Just as defendants would be unable to obtain pre-trial indemnity relief under G.M.L. § 50-k in a state court in New York, defendants are similarly unable to obtain such relief in this Court for indemnification where New York law applies. To hold otherwise would not fairly serve the interests of justice, as a federal court would be resolving an indemnification issue in a manner that is substantially different from that which would result if the same issue were litigated in state court. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, the Court will allow the City to review the full trial transcript before making such a decision and having that decision challenged and reviewed in court.

C. Procedure for Review of Indemnification Issue

Defendants further argue that, even if the Court does not review this issue in the pre-trial phase, the indemnification issue should be presented to the jury. Specifically, defendants argue that, for indemnification purposes, the jury should decide the issues of whether the officers were acting under the color of law and were within the scope of their employment. As set forth below, the Court disagrees and concludes that the indemnification issue is to be reviewed by the Court, not the jury.

To the extent defendants rely on *Harris* and the jury charge given in *Matthews v. City of New York, et al.*, 02 CV 715 (CPS) (RML), to support their position that the jury should decide issues related to indemnification, the Court declines to follow those decisions. As noted *supra*, the New York Court of Appeals has made it

---

[5] In any event, even in cases where courts have allowed evidence of the existence of an indemnification agreement to be used by a plaintiff against defendant officers to rebut claims of limited financial resources, the lack of a final determination on the indemnification issue has not precluded courts from allowing evidence on the indemnification issue to be submitted to the jury for consideration in connection with damages. *See, e.g., Dallas v. Goldberg,* No. 95 Civ. 9076 (LTS) (RL), 2002 WL 1013291, at *5 (S.D.N.Y. May 20, 2002) ("The uncertainty of indemnification here is not an appropriate ground for preclusion of the evidence proffered by Plaintiff, if such evidence is presented in rebuttal to an argument for reduction of an otherwise appropriate punitive damages award.... Plaintiff's proffer is indicative of some likelihood of ultimate indemnification and may properly be weighed by the jury, consistent with the law of this Circuit, in determining whether such likelihood obviates the need for artificial reduction of a punitive damages award to protect one or more of the Defendants against financial ruin."); *see also Scherer v. City of New York,* Nos. 03 Civ. 8445 (RWS), 04 Civ. 2713 (RWS), 2007 WL 2710100, at *8-*11 (S.D.N.Y. Sept. 7, 2007) (collecting cases).

8

clear that a claim for indemnification may be raised in an Article 78 proceeding in which there is no right to a jury trial and where the Corporation Counsel is held to an arbitrary and capricious standard of review. *See Williams*, 486 N.Y.2d at 802; *Young*, 128 Misc.2d at 126-27. Thus, the Court will apply the essential rules underlying an Article 78 proceeding since the appropriate method that New York law provides to contest an alleged wrongful denial of indemnification to a City employee is an Article 78 proceeding. This Court's holding on that issue is consistent with other federal courts in this Circuit which have found that indemnification is a matter to be determined by the court under an "arbitrary and capricious" standard of review, and not a jury. *See, e.g., Banks*, 144 F. Supp. 2d at 287 (holding that the court will consider the indemnification claim as a matter of law after the jury has returned its verdict on the plenary action and the Corporation Counsel has made its determination); *see also Jocks*, 97 F. Supp. 2d at 312-14 (deciding indemnification claim after trial on underlying action); *Nevares,* 1998 WL 265119, at *8 ("The New York Court of Appeals has made it clear that a claim for indemnification may be raised in an Article 78 proceeding, in which there is no right to a jury trial and where the Corporation Counsel is held to an arbitrary and capricious standard of review.") (citing *Williams*).

Accordingly, this Court will consider the cross-claim for indemnification after the jury has returned a verdict on the underlying action, and after the City has had a reasonable opportunity, following its assessment of the evidence at trial, to decide whether or not it will indemnify. In doing so, the Court will apply the arbitrary and capricious standard of review.[6]

### III. CONCLUSION

For the foregoing reasons, defendants' application for pre-trial indemnification review is DENIED. The Court retains jurisdiction to hear defendants' cross-claim for indemnification, but will do so only after the Corporation Counsel has had an opportunity to review the trial record (or after a settlement agreement is approved if a settlement is reached prior to trial) and make a determination on that issue.

SO ORDERED.

---

JOSEPH F. BIANCO
United States District Judge

Dated: January 18, 2008
Central Islip, New York

\* \* \*

The attorney for plaintiffs is John Wyman Cobb, Esq., of Cobb & Cobb, 724

---

[6] The City seeks to strike the portions of defendants' submission addressing the merits of the indemnification issue. Because the Court is not going to review the indemnification issue until after a verdict and a determination by Corporation Counsel on the indemnification issue, the Court will not consider defendants' arguments on the merits at this time and the City's motion to strike is moot. The Court will give the parties a full opportunity to outline their positions on the merits if this issue should become ripe for the Court's consideration.

Broadway, Newburgh, New York 12550. The attorney for defendants is John W. Burns, Esq., of Worth, Longworth & London, LLP, 111 John Street, Suite 640, New York, New York 10038-3498. The attorney for the City of New York is Sabrina M. Tann, Esq., of the New York City Law Department, Special Federal Litigation Division, 100 Church Street, New York, New York 10007.