UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYNIERA HOGAN and SHANAIR HOGAN,

                Plaintiffs,

  - against -

POLICE OFFICER HIGGINS and
POLICE OFFICER NIKSA,

                Defendants
------------------------------------------------------------X

MEMORANDUM
AND ORDER
04-CV-3298 (JFB)

GOLD, S., *United States Magistrate Judge*:

## INTRODUCTION

Plaintiffs Shanair and Tyniera Hogan bring this action pursuant to 42 U.S.C. § 1983 alleging claims against Police Officers William Higgins and Thaddeus Niksa. Plaintiffs were arrested on July 12, 2003, and claim, among other things, that they were arrested without probable cause and subjected to excessive force. The underlying facts are set forth in detail in a Memorandum and Order denying motions for summary judgment issued on March 12, 2007 by United States District Judge Joseph F. Bianco, Docket Entry 50, and are not repeated here.

Defendants Higgins and Niksa now move to disqualify the lawyers of the firm of Cobb and Cobb from representing plaintiffs in this action. I held a hearing on the motion, at which plaintiffs were present, on July 30, 2008. For the reasons stated below, the motion is denied.

## FACTS

Defendants' motion is based upon a letter dated May 23, 2008 from Stephen S. Cobb, a paralegal with the firm of Cobb and Cobb, to Sean Banks. Banks was apparently present at or about the time when plaintiffs were arrested and witnessed events pertinent to this case. Banks was deposed by defendants' counsel on June 17, 2008. Declaration of John W. Burns ("Burns

Decl.") ¶ 9. Banks had previously provided a statement concerning plaintiffs' arrest to the New York City Police Department Internal Affairs Bureau ("IAB"). Affidavit of Stephen Cobb, Ex. 7.

The letter that forms the basis of the pending motion was provided to defendants' counsel by Banks during the course of his deposition. Burns Decl. Ex. D at 22. The letter states in pertinent part as follows:

> We would like to have you available as a trial witness, if possible, just to say that you never saw Shanair and Tyniera fighting back with the police, and that they were not raising a ruckus or creating any kind of disturbance. In your IAB interview, which I have enclosed, you stated that "it was total chaos" and "things were really out of control." You <u>don't</u> really want to say that, because it makes it look like the cops were justified in taking strong action against the girls, or that the girls started the whole thing. What you want to say is that "many people were upset by the police action but the girls were not doing anything to stir up the crowd" and "the situation was loud but under control." In other words, play down the "chaos" aspect, and just emphasize that the girls were being mistreated and that the bystanders were being vocal. Also emphasize that there was <u>no</u> danger to the police officers, and that nobody was attacking the police or trying to stir up the crowd to do so.

Burns Decl. Ex. E (emphasis in original). At his deposition, Banks acknowledged having received and read the letter prior to testifying. Burns Decl. Ex D at 25.

DISCUSSION

Defendants argue that disqualification is warranted because, as a result of the letter sent by Stephen Cobb to Sean Banks, the attorneys at Cobb and Cobb have become witnesses and have developed a conflict of interest with the plaintiffs. The conduct of lawyers appearing before this court is governed by the New York Code of Professional Responsibility. Local Civil Rule 1.5(b)(5). As defendants point out, the New York Code generally prohibits an attorney from

representing a client when his exercise of professional judgment on the client's behalf will be affected by his own interests, or from acting as an advocate in a case where he will be a witness. DR 5-101, 5-102.[1]

The principles governing motions to disqualify, and in particular the caution with which a court must proceed before granting such a motion, were recently set forth in *Intelli-Check, Inc. v. Tricom Card Techs., Inc.*, 2005 WL 3533153 (E.D.N.Y. Dec. 22, 2005), as follows:

> Motions to disqualify opposing counsel are generally disfavored under Circuit law because they are often filed for tactical reasons and result in unnecessary delay, and they pose the threat of an immediate adverse effect on the client by separating him from counsel of his choice. Thus, a court has the authority to disqualify counsel, upon close scrutiny of the facts, only "where necessary to preserve the integrity of the adversary process." The movant bears "a heavy burden" of showing that disqualification is warranted. With certain exceptions not applicable here, disqualification has been found necessary to avoid tainting the trial only where attorney conflict of interest violative of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the attorney's ability to vigorously represent his client, or where an attorney is in a position to use privileged information obtained during prior representation of the other side in order to give his

---

[1] Defendants' 5-101 argument was developed largely at oral argument. In their moving papers, defendants invoke DR 5-105 and contend that plaintiffs' attorneys face a conflict as a result of their simultaneous representation of plaintiffs and their trial witnesses. Burns Decl. ¶ 3. During the oral argument on this motion, however, Mr. Cobb stated that his firm does not represent any of the witnesses plaintiffs intend to call at trial, and that his firm's prior statements to the contrary were made in error. The error, if it was one, was serious; worse, the claim of representation of witnesses appears to have been a deliberately invoked tactic, designed to frustrate defendants' attempt to obtain discovery, without a legitimate basis. My view that the assertion by Cobb and Cobb that they represented witnesses was deliberate and not inadvertent is based in part on the fact that the assertion was made in writing. *See* Burns Decl. Ex. F (Letter dated June 19, 2008 from John Cobb to John Burns at 1) (stating that "all of the plaintiffs' witnesses have asked us to represent them at the depositions"). Nevertheless, I accept the unequivocal assertion made by Mr. Cobb at the hearing on the pending motion that there is no formal attorney-client relationship between the firm of Cobb and Cobb and the witnesses who have recently been deposed. DR 5-105 therefore provides no basis for disqualification.

> present client an unfair advantage in litigation. In the absence of such conduct, a court should be hesitant in granting a motion to disqualify, even though the court may harbor misgivings about an attorney's conduct.

*Id*. at *7 (internal citations and footnotes omitted). *See also Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 86-87 (E.D.N.Y. 2008).

Thus, courts do not automatically disqualify attorneys even when they have violated applicable standards of professional conduct. "In preserving professional standards, the district court is not strictly interested in policing the ethics rules." *Reilly v. Computer Assocs. Long-Term Disability Plan*, 423 F. Supp. 2d 5, 9 (E.D.N.Y. 2006). Rather, a court must keep in mind that disqualification is a "drastic measure" and that our legal system affords considerable deference to a party's right to select counsel of her choice. *Id.* at 8.

A. <u>Lawyer as Witness</u>

Defendants assert in support of their motion that they intend to call plaintiffs' attorneys as witnesses at trial. Disciplinary Rule 5-102 provides in pertinent part as follows:

> If . . . a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, . . . [and] it is apparent that the testimony is or may be prejudicial to the client . . . the lawyer and the firm must withdraw from acting as an advocate before the tribunal.

DR 5-102(D), 22 NYCRR § 1200.21. To invoke this rule, defendants must demonstrate that the testimony of plaintiffs' counsel is necessary; an attorney whose testimony would be merely cumulative is not prohibited from acting as trial counsel. *Shabbir v. Pakistan Int'l Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) (*citing Paretti v. Cavalier Label Co., Inc.*, 722 F. Supp. 985, 986 (S.D.N.Y. 1989)). *See also U.S. v. Kerik*, 531 F. Supp. 2d 610, 615 (S.D.N.Y. 2008)

(noting that, "in determining the necessity of testimony, a court takes into account the significance of the matters, the weight of the testimony, and the availability of other evidence"); *U.S. v. Tate & Lyle N. Am. Sugars, Inc.*, 184 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (applying requirement of necessity to motion invoking DR 5-102(D)); *Drywall Tapers & Pointers of Greater New York v. Local 530*, 1996 WL 1088933, at *4 (E.D.N.Y. Oct. 24, 1996) (pointing out that, "if the facts to which the lawyer would testify could be elicited from another witness, or the lawyer's testimony would be cumulative of other evidence, disqualification may be inappropriate"); *Stratavest Ltd. v. Rogers*, 903 F. Supp. 663, 667 (S.D.N.Y. 1995) (requiring a showing of necessity pursuant to 5-102(B) which, like 5-102(D), applies when an attorney may be called as a witness on a significant issue other than on behalf of the client).

Defendants have failed to make the required showing of necessity. Neither the authenticity of the letter nor the fact that it was sent to Banks and reviewed by him prior to his deposition are disputed. Assuming without deciding that the letter will be held admissible at trial, there is no reason why it could not be offered through Banks. Indeed, although afforded ample opportunity during the argument on the motion to do so, defendants have failed to identify any significant testimony they seek to elicit from plaintiffs' counsel that could not be obtained from other witnesses. Accordingly, disqualification is not warranted pursuant to DR 5-102(D).

B. <u>Conflict of Interest</u>

Defendants also invoke DR 5-101, and argue that plaintiffs' attorneys face a conflict between their own interests and those of the plaintiffs. DR 5-101 provides as follows:

> A lawyer shall not accept or continue employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests, unless a disinterested

> lawyer would believe that the representation of the client would not
> be adversely affected thereby and the client consents to the
> representation after full disclosure of the implications of the
> lawyer's interest.

DR 5-101, 22 NYCRR 1200.20.

Defendants argue that plaintiffs' counsel may adopt a trial strategy influenced by a self-interested desire to avoid calling attention to the letter they sent to Banks, even if that strategy is not in plaintiffs' best interests. Defendants similarly contend that the letter to Banks will be a focal point at trial if Cobb and Cobb remain as counsel, while the letter is likely to have less impact if plaintiffs are represented by different attorneys.

Defendants have identified a genuine conflict. The letter is, conservatively construed, a blatant attempt to coach a witness, and may reasonably be understood as an attempt to persuade a witness to change his testimony. As such, the letter could subject counsel, at a minimum, to sanctions. *See* DR 7-102, 22 NYCRR § 1200.33. While the letter was written by a paralegal and not an attorney, Cobb and Cobb is a small firm comprised of two attorneys who are husband and wife, and a paralegal, who is their son. Under these circumstances, the inference that the letter was written under the close supervision of counsel is a strong one. Moreover, the family relationships involved render the conflict more acute. Thus, plaintiffs' counsel clearly have an interest in avoiding any further focus on the letter sent by Stephen Cobb to Sean Banks.

Although the conflict is a serious one, I must balance the deference courts afford to a party's choice of counsel against a court's responsibility to insure the integrity of the judicial process. *Reilly*, 423 F. Supp. 2d at 8. I conclude, for the reasons below, that the balance weighs in favor of denying the motion for disqualification.

First, although plaintiffs' counsel may, out of self-interest, seek to avoid calling further

attention to the letter at issue, that cat is already out of the bag. The letter has been submitted as an exhibit to publicly filed documents, including documents submitted by plaintiffs' counsel. *See* Affidavit of Stephen Cobb dated July 22, 2008, Exhibit 3. The letter has also been the subject of arguments heard in open court, and is quoted in this memorandum. Judge Bianco and I, as well as defendants' counsel and the parties, are now fully familiar with its contents. Clearly, counsel can not hide their firm's involvement with the letter by choosing, for example, not to call Sean Banks as a witness at trial even if his testimony would be helpful to plaintiffs, or by making any other tactical trial decision. Any incentive to conduct the trial of this case in a manner that serves counsels' interests at plaintiffs' expense is thus diminished.

Second, though defendants may well be correct that new counsel would be in a better position than the Cobb firm to defuse the adverse impact of the letter on plaintiffs' case, the resulting prejudice from the Cobbs' continued representation will be to plaintiffs, not to defendants. In addition, while the adverse impact on plaintiffs' case might be lessened if new counsel appeared for trial, defendants will undoubtedly seek to make much of the letter whether Cobb and Cobb remains in the case or not; the difference in the effect of the letter will be one of degree, not of kind.

Moreover, as suggested by the text of DR 5-101 itself, a client's consent to representation after disclosure of a conflict is relevant to disqualification.[2] During the argument on the

---

[2] I am aware that DR 5-101 provides that an attorney facing a conflict of interest may continue to represent a client who consents after disclosure of the conflict only if "a disinterested lawyer would believe that the representation of the client would not be adversely affected" by the conflict, and that the circumstances here might well give a disinterested lawyer considerable pause. As discussed above in the text, however, a violation of the code does not, in and of itself, require disqualification, and DR 5-101 at a minimum suggests that plaintiffs' informed waiver of Cobb and Cobb's conflict is pertinent to the balancing I must perform between their choice of

7

disqualification motion held on July 30, 2008, I addressed each plaintiff at length. I alerted the plaintiffs to the conflicts faced by counsel, and to the potential impact on their case if Cobb and Cobb remained as their attorneys at trial. I assured plaintiffs that, if they no longer wished to be represented by Cobb and Cobb, I would afford them time to find new counsel, and would order that Cobb and Cobb not be permitted to collect a fee for their representation to date, so that new counsel could take on their case without any concern about sharing any attorney's fees that might be earned. Finally, I warned plaintiffs that, if they elect to continue with Cobb and Cobb as their attorneys and are dissatisfied with the outcome of their case, they may not challenge that outcome on the basis of Cobb and Cobb's conflict. I am confident that plaintiffs understood my statements and warnings. Nevertheless, they unequivocally and emphatically stated that they wished to continue to be represented by Cobb and Cobb.

Finally, this case has a long and somewhat complex history. Plaintiffs were represented by Cobb and Cobb in the underlying criminal litigation and since the inception of this case approximately four years ago. The only defendants remaining are two individual police officers who may or may not be able to satisfy a judgment if one is obtained. Defendants' motion for summary judgment has been denied, and settlement does not appear possible. Thus, the Cobb firm is intimately familiar with the details of the case, and the likelihood that plaintiffs will be able to find new counsel willing to take their case is small.

---

counsel and the integrity of this proceeding.

## CONCLUSION

For all these reasons, defendants' motion for disqualification of plaintiffs' counsel is denied.

SO ORDERED.

_____/s/_____
Steven M. Gold
United States Magistrate Judge

August 5, 2008
Brooklyn, New York

*U:\hogan 072908.wpd*